Judge Owsley
'delivered the opinion of the .court.
This is an appeal from a judgment rendered against Ow-ings upon a demurrer to his declaration, in an action of covenant brought by him against the appellees.
The declaration, in substance, states, that on the first day of September, 1813, the said Dodge and Norton, of one part, entered into an agreement with the said Owings, of the other part, by their deed in writing, &c. by the terms whereof the said Dodge and Norton on their part sold to the plaintiff all their interest in the Red river iron works, together with the land and property of every description thereto belonging or attached, being twenty-four shares, or one equal moiety of the said works, purchased by them from William Smith, subject to the lease thereon held by Jacob Holdérman and co. which was to expire on the first day of January, 1815. And did, moreover, by the said deed, covenant to clear the said property of all incumbran-ces, and when the said Owings should execute his negotiable notes, with a good endorser or endorsers, for the purchase money, on his part, covenanted to be paid, the said Dodge and jíorton to execute to him a dee^or deeds for the pro- *574 pertj aforesaid, with covenant of general warranty for the tracts «pon which the works stood, and for such other tracts held by general warranty, and special warranty or quit claim fo^sueh tracts as the defendants held a special warranty deed lor. It being fully understood that the said Norton and Dodge sold to the said plaintiff all the land and property, and interest of every description, which they purchased from William Smith. And the plaintiff in fact saith, that he did, in pursuance of his contract, after* wards, to-wit, on the day of in the circuit, &q. execute his negotiable notes, with a good endorser, tp the defendants, for the full amount of the purchase money, and did then and there deliver his said notes to the defendants, and request and demand of them a conveyance of the said interest in the Red river iron works, and the land and property thereto belonging and attached, being one half, by deed with general warranty for the tract including the works, and the other tracts which they held by deed with general warranty; and a special warranty or quit claim for such tracts as the defendants held a special warranty deed for, subject, however, to the lease of the said Holderman. But for breach the plaintiff says the defendants their covenant and agreement with him did not keep and perform, but the same has entirely broken in this, to-wit—
The defendants refused and failed to permit him to receive and enjoy all the interest of every description in the Red river iron works aforesaid, and the land and property purchased by them from William Smith, being twenty-four shares, or one half, as by their deed they covenanted to do.
And did also refuse and fail to convey to the plaintiff one half or twenty-four shares of the tract of land upon which the works stood at the date of the contract as aforesaid, with deed of general warranty, and the other tracts by like deed which they held by general warranty, and the tracts which they held by special warranty, to convey by deed with special warranty or quit claim, subject to the said lease of the said Holderman.
And did moreover receive and collect from tbe said Hol-derman, in violation of their said covenant, a large sum of money, to-wit, the sum of which became due and in ar-rear as rent upon the lease of said Holderman for the said iron works, subsequent to the date of the contract aforesaid, &c.
By the demurrer, gyer is craved of the deed ef covenant *575 mentioned in the declaration, and from that the defendants appear, moreover to have covenanted to deliver to Owings the possession of the works at the expiration of the lease to Holderman, and that all of the payments to be made by Owings appear to fall due subsequent to the time when possession was to be delivered.
The declaration of Owings is objected to on the ground of the breach assigned in relation to the receipt of the rent by the defendants, Norton and Dodge, being insufficient.
The covenant upon which the suit is founded contains" no express stipulation in relation to the rent, but it is contended that by the sale of the land Owings became invested, not only with the beneficial interest in the land, but as incident thereto, entitled to the accruing rent upon the lease, and hence it is inferred, that upon the failure of Norton and Dodge to convey, they became not only subject to the payment of damages for that failure, but moreover liable for any rent which they may have received subsequent to the date of the contract.
In deciding upon their liability, however, it should be recollected that the rent claimed hy the plaintiff is not al-ledged to have accrued or been received by them since the time they were by the terms of the covenant bound to convey, but from the allegation in the declaration, it is rather to be inferred, that the rent for which a recovery is now sought, became due and was received by the defendants before Owings, by tendering the notes in compliance with his covenant, might have demanded a conveyance of the land. So that, in the present case, we are not called upon to decide, nor would we be understood as giving any opinion whether, under the covenant, Owings would be entitled to the rent accruing after he became authorised to demand a title.
But upon the supposition of the rent claimed having been received prior to the time a conveyance should have been made, we are thoroughly convinced that, upon no fair construction of the covenant, can Owings have any legal claim.
For although, by a conveyance of the inheritance, rent reserved and thereafter becoming payable, would, as an incident to the land, pass to the vendee, it cannot be supposed that under stipulations such as those contained in the t%venant upon Which this suit, is founded, that the parties *576 intended to invest Owings with an immediate interest ⅛ the accruing rent.
Hiiggin for appellant, Wickliffe for appellee.
A purchaser of lands, the title whereof is not to be made ’til the happening of a cont'mgerty cy, is not entitled to tha rent3 growing, before the happening of the contingency.
The circumstance of the land being sold subject to the lease, certainly imports no such intention, and when considered in connection with the stipulation to deliver the possession at the expiration of the lease, and that to convey upon being secured in the purchase money by Owings delivering negociable notes with good endorsers for its payment at periods also posterior to the expiration of the lease, tend, strongly, to repel any implication of Owings’ right to the rent accruing and becoming payable before the defendants. were bound either to deliver the possession or convey the land.
If, then, we are correct in supposing that Owings is not entitled to the rent claimed in the declaration, it follows, that the breach in relation to that matter cannot be sustained.
But although that breach may be insufficient, we are of opinion that as the declaration contains other sufficient breaches, the demurrer which goes to the whole declaration, should not have been sustained. Upon such a declaration a general verdict for the plaintiff, it is true, would be irregular, but as the irregularity might be avoided by taking a verdict upon the valid breaches only, the court belovv, instead of rendering judgment in bar of the plaintiff’s declaration, ought to have overruled the demurrerr — See 1 Chitty’s ple. 643; 1 Saun. 286, N. 9; 2 Saun. 379, 380, note 14.
The judgment must, therefore, be reversed with cost, the ■cause remanded, and further proceedings had not inconsistent with this opinion.